IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 15-212 |
| | ) | |
| ABIGALE LEE MILLER | ) | |

### INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, David J. Hickton, United States Attorney for the Western District of Pennsylvania, and Gregory C. Melucci, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A Federal Grand Jury returned a 20-count Indictment against the above-named defendant for alleged violations of federal law:

| COUNTS | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Bankruptcy Fraud<br>Beginning in and around April, 2011, and continuing thereafter until in and around January, 2013 | 18 U.S.C. § 157(3) |
| 2 | Bankruptcy Fraud<br>Beginning in and around November, 2012, and continuing thereafter until in and around October, 2013 | 18 U.S.C. § 157(3) |
| 3 | Concealment of Bankruptcy Assets<br>Beginning in and around January, 2012 and continuing thereafter until in and around December, 2012 | 18 U.S.C. § 152(1) |
| 4 | Concealment of Bankruptcy Assets<br>Beginning in and around June, 2012, and continuing thereafter until in and around May, 2013 | 18 U.S.C. § 152(1) |

| | | |
|---|---|---|
| 5 | Concealment of Bankruptcy Assets<br>Beginning in and around January, 2013,<br>and continuing thereafter until in and<br>around October, 2013 | 18 U.S.C. § 152(1) |
| 6 | Concealment of Bankruptcy Assets<br>Beginning in and around October, 2012,<br>and continuing thereafter until in and<br>around October, 2013 | 18 U.S.C. § 152(1) |
| 7 | Concealment of Bankruptcy Assets<br>Beginning in and around October, 2012,<br>and continuing thereafter until in and<br>around October, 2013 | 18 U.S.C. § 152(1) |
| 8-20 | False Bankruptcy Declaration<br>On or about October, 2012 (Count 8)<br>On or about November, 2012 (Count 9)<br>On or about December, 2012 (Count 10)<br>On or about January, 2013 (Count 11)<br>On or about February, 2013 (Count 12)<br>On or about March, 2013 (Count 13)<br>On or about April, 2013 (Count 14)<br>On or about May, 2013 (Count 15)<br>On or about June, 2013 (Count 16)<br>On or about July, 2013 (Count 17)<br>On or about August, 2013 (Count 18)<br>On or about September, 2013 (Count 19)<br>On or about October, 2013 (Count 20) | 18 U.S.C. § 152(3) |

## II.  ELEMENTS OF THE OFFENSES

### A.  As to Counts 1 and 2:

In order for the crime of Bankruptcy Fraud, in violation of 18 U.S.C. § 157(3), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

    1.  The defendant devised or intended to devise a scheme or plan to defraud.

    2.  The defendant acted with the intent to defraud.

3. The defendant's act was material; that is, it had a natural tendency to influence, or was capable of influencing the acts of an identifiable person, entity, or group.

4. The defendant filed a petition or filed a document in a proceeding and/or made a false or fraudulent representation, claim or promise concerning or in relation to a proceeding under a Title 11 bankruptcy proceeding to carry out or attempt to carry out an essential part of the scheme.

Authority: 8th Cir. Model Jury Instructions.

**B. As to Counts 3-7:**

In order for the crime of Concealment of Bankruptcy Assets, in violation of 18 U.S.C. § 152(1), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That a bankruptcy case was pending on or about December 3, 2010 in which the defendant was the Debtor.

2. That income she concealed was a part of the bankruptcy estate of the Debtor.

3. That the defendant concealed income from the custodian, trustee, marshal or other officer of the court charged with the custody and control of that property.

4. That the defendant acted knowingly and with the intent to defraud.

Authority: Third Circuit Model Criminal Jury Instruction 6.18.152(1).

C.  **As to Counts 8-20:**

In order for the crime of False Bankruptcy Declaration, 18 U.S.C. § 152(3), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That there was a bankruptcy proceeding.

2. That the defendant made either a false declaration, certificate, verification, or statement under penalty of perjury in relation to the bankruptcy proceeding.

3. That the false declaration, certificate, verification, or statement under penalty of perjury was false.

4. That the defendant made the false declaration, certificate, verification, or statement under penalty of perjury knowingly and with the intent to deceive either the creditors, trustee or bankruptcy judge.

Authority: <u>United States v. Daniel P. Mitchell</u>, 528 F.3d 1034 (8th Cir. 2008).

### III. <u>PENALTIES</u>

A.  **As to Counts 1 and 2: Bankruptcy Fraud (18 U.S.C. § 157(3)):**

1. Imprisonment for not more than five (5) years.

2. A fine of not more than the greater of:

(a) $250,000.00 (18 U.S.C. § 3571(b)(3)):

<u>or</u>

(b) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

3. A term of supervised release of not more than three (3) years (18 U.S.C. § 3583).

**B.   As to Counts 3-7: Concealment of Bankruptcy Assets (18 U.S.C. § 152(1)):**

1. Imprisonment for not more than five (5) years.

2. A fine of not more than the greater of:

(a) $250,000.00 (18 U.S.C. § 3571(b)(3));

or

(b) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

3. A term of supervised release of not more than three (3) years (18 U.S.C. § 3583).

C. As to Counts 8-20: False Bankruptcy Declaration (18 U.S.C. § 152(3)):

1. Imprisonment for not more than five (5) years.

2. A fine of not more than the greater of:

(a) $250,000.00 (18 U.S.C. § 3571(b)(3));

or

(b) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

3. A term of supervised release of not more than three (3) years (18 U.S.C. § 3583).

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. RESTITUTION

Not applicable.

## VI.   FORFEITURE

Not applicable.

Respectfully submitted,

DAVID J. HICKTON
United States Attorney

By: _____
GREGORY C. MELUCCI
Assistant U.S. Attorney
PA ID No. 56777
